### TROTTER v. TOUSEY.[1]

1. TRIAL—EVIDENCE—WANT OF OBJECTION.
   Error will not lie on the admission of testimony to which no objection was made.

2. SALE—BREACH OF CONTRACT—CONVERSION—EVIDENCE.
   Where defendant, having sold and agreed to deliver certain lumber to plaintiff, afterwards sold and delivered it to another, he could not show that he subsequently offered to deliver other lumber in its stead as a defense to plaintiff's action for a breach of the contract.

3. SAME—MEASURE OF DAMAGES.
   In an action by the purchaser of certain lumber, the title to
   . which had passed by the sale, to recover damages of the vendor, who had sold and delivered it to another, for failure to deliver the lumber as agreed, the measure of damages is the value of the lumber at the time of the conversion.

Error to Bay; Shepard, J. Submitted October 7, 1902. (Docket No. 1.) Decided November 18, 1902.

*Assumpsit* by David Trotter and Marius Hanson, copartners as Trotter & Hanson, against Morris R. Tousey, for the breach of a contract for the sale of certain lumber. From a judgment for plaintiffs, defendant brings error. Reversed.

On January 31, 1900, defendant, a resident of Bay City, Mich., sent by mail to plaintiffs, residents of Toledo, Ohio, .an offer to sell and deliver to them, f. o. b. cars Toledo,

---

[1] Rehearing denied January 5, 1903.

500,000 feet of merchantable hemlock lumber; at certain prices named. The further material part of the offer reads as follows:

"The mill culls in the above-named stock at $10.00 per M. feet. The same to be inspected by E. H. Savage & Bro., according to the Michigan association rules, each to pay one-half the inspection fees. I will begin sawing on this stock at once, and continue thereat until order is filled, and will begin to ship same during the month of June, 1900, or before. On April 15th, said Savage & Bro. shall estimate all the lumber then in pile, and you shall advance to me 50 per cent. of its value at the above prices, said lumber then to be marked up as sold to you, and insurance policies covering the amount advanced turned over to you by me. This sale is subject to a discount for cash of two per cent."

The offer was duly accepted. This sale was negotiated on the part of the defendant through Savage & Bro., inspectors, a part of whose business was to bring together buyers and sellers of lumber. Before any estimate was made, plaintiffs advanced to defendant $1,000. April 29, 1900, Savage & Bro. sent their estimate to plaintiffs, showing the amount of lumber piled and set apart for plaintiffs by defendant to be 477,800 feet. In the letter accompanying same they wrote:

"In making this estimate we deducted 15 per cent. of the total amount for what culls there may be in same, so you can figure on his having out over 500 M."

Defendant then wrote plaintiffs requesting a remittance of one-half the purchase price, as provided in the contract. Plaintiffs complied with this request. About 100,000 feet of the lumber was situated at Turner, in Arenac county. Savage & Bro. did not see this lumber, but took defendant's verbal statement of the amount, and included it in their estimate. All the lumber inspected by Savage & Bro. was marked, "Sold to T. & H." Only 121,904 feet of this lumber was shipped to plaintiffs. The rest of it was sold and delivered to other parties by the defendant, and he received the full benefit of it. Upon learning this

fact, and being unable to get either the lumber they had purchased or the money they had paid thereon, plaintiffs instituted this suit to recover the money they had paid, less the price of the lumber they had received. The affidavit for *capias* stated fully the transaction, alleged that the sale made by defendant to other parties was fraudulent, and that by reason thereof they had lost the $2,000 paid by them on the contract, and of which they had been defrauded. The declaration followed the affidavit. The question of fraud was left to the jury, and verdict found for plaintiffs.

*T. A. E. & J. C. Weadock,* for appellant.

*Hall & Brockway,* for appellees.

GRANT, J. (*after stating the facts*). 1. The first assignment of error relates to the ruling of the court in admitting testimony. No objection was made to the question, and it therefore cannot be considered in the appellate court.

2. Some time after defendant had sold the plaintiffs' lumber, they had an interview, in which defendant testified that he informed plaintiffs that he could make arrangements to go on and complete the contract, and that he was ready to do so. His counsel then asked him what it would have cost to fill the contract at that time and deliver the lumber. The objection to its immateriality was sustained by the court. The ruling was correct. Plaintiffs had not agreed to take any other lumber than that which had been bought by them, and had been marked "Sold" to them. By this contract defendant agreed to ship this lumber to the plaintiffs. He sold it to other parties instead. Plaintiffs' right of action was complete, and it is no defense to say that the defendant subsequently offered to deliver other lumber.

3. Defendant offered testimony to show that such lumber had depreciated in value between the dates of the contract and the institution of suit. The testimony was

excluded as immaterial. The determination of this question depends upon the measure of damages applicable to the case. No fraud is alleged in the making of the contract or in its execution until this lumber had been set apart by the defendant as the property of the plaintiffs. Both parties agree that the title had passed and was in the plaintiffs. The fraud complained of is that defendant disposed of and delivered the lumber to other parties. Plaintiffs claim the right to recover the difference between the moneys advanced and the purchase price of the lumber received. The defendant contends that, inasmuch as the title had passed, the measure of damages is the value of the lumber when so taken and appropriated by the defendant.

The declaration complains of defendant "in a plea of trespass on the case upon promises," and at the close claims damages "arising out of such express contract for the fraud so committed by the defendant against plaintiffs." The declaration is not in form in trover. It, however, states facts which show a conversion. Plaintiffs had two remedies open to them, viz.: To sue in trover for conversion, or to waive the tort and bring *assumpsit*. *Tuttle* v. *Campbell*, 74 Mich. 652 (42 N. W. 384, 16 Am. St. Rep. 652). The facts set forth in the declaration are applicable either to an action of trover or to an action for breach of contract. Defendant had committed a breach of contract in failing to ship the lumber as agreed. If the declaration had been in trover, or an action on the case for fraud, the measure of damages in each case would have been the value of the lumber at the time of its appropriation by the defendant. If it was worth more than the contract price at the time of its conversion, that worth is the measure of damages. If it was worth less, that worth is the measure. If it was worth the same, then the purchase price becomes the measure. If the declaration is based upon the contract, for a breach thereof, which we think it is, it is difficult to see why the measure of damages is not the same. In either form of action they have

lost their property. It has been appropriated by the defendant. Their loss is not what they paid for it, but its worth when wrongfully disposed of by the defendant. We are of the opinion that the measure of damages is the value of the lumber at the time defendant appropriated it by sale and delivery to other parties.

Other errors are assigned, but it is unnecessary to discuss them.

Judgment reversed, and new trial ordered.

HOOKER, C. J., MOORE and MONTGOMERY, JJ., concurred.